IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Secretary of Labor,** <br> **Mine Safety and Health** <br> **Administration,** <br><br> Petitioner, <br><br> v. <br><br> **KC Transport, Inc. and** <br> **Federal Mine Safety and Health** <br> **Review Commission,** <br><br> **Respondents.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 22-1071 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONDENT KC TRANSPORT, INC.'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE**

KC Transport, Inc., ("KC Transport") intends to prepare and file a petition for rehearing or rehearing en banc. In addition, depending on the petition for rehearing or rehearing en banc, KC Transport may move to stay the issuance of the mandate and petition for a writ of certiorari.

Pursuant to Federal Rule of Appellate Procedure 41(b) and D.C. Circuit Rule 41, this Court sua sponte ordered the Clerk to withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc, without prejudice to any party moving for expedited issuance of the mandate for good cause shown.

1

If granted, Petitioner's motion will deprive Respondent, KC Transport of the normal length of time specified by the Federal Rules of Appellate Procedure, to prepare and file its petition for rehearing or rehearing en banc and to seek a stay of the mandate pending a petition for writ of certiorari, if appropriate. As noted, in this case, Respondent KC Transport fully intends to file a petition for rehearing or rehearing en banc.

As reflected in the Court's August 1, 2023, order, F. R. App. P. 41(b) ordinarily provides that a court's mandate will not issue until after the parties have had sufficient time to consider whether to seek rehearing or rehearing en banc. Rule 41(a) was amended in 1994 to conform the mandate issuance to the deadline for filing a petition for rehearing. See Fed. R. App. P. 41, cmt. 1994 Amendment, Subdivision (a). *See also*, Fed. R. App. P. 40, cmt. 1994 Amendment, Subdivision (a) ("The amendment makes nation-wide the current practice in the District of Columbia and the Tenth Circuits"). KC Transport, like other litigants, should receive the usual number of days specified in the appellate rules to fully review the merits of the decision and determine its future course of action, including analyzing and responding to complex issues related to a petition for rehearing or rehearing en banc and a petition for certiorari.

In this Circuit, "[a] court may order immediate issuance of the mandate when satisfied (1) that [the] Court would not change its decision upon hearing, much less

hear the case en banc, and (2) that there is no reasonable likelihood that the Supreme Court would grant review." *Johnson v. Bechtel Assocs Prof'l Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986) (internal quotation marks omitted). The Secretary has wholly failed to address the requirements related to rehearing or rehearing en banc, let alone to establish that "there is no reasonable likelihood that the Supreme Court would grant review" if sought. *Id.*

None of the points raised by the Secretary (certainty, fatality trends and burden on KC Transport) address whether the Court will consider rehearing/rehearing en banc or whether there is no reasonable likelihood that the Supreme Court would grant review. In this case, the panel decision was not unanimous and there is a split among the circuits involving certain issues discussed in this Court's Decision when the Decision is compared to *Maxxim Rebuild Co., LLC. v. FMSHRC*, 848 F.3d 737, 744 (6th Cir. 2017) ("*Maxxim*"); *e.g., Sec'y of Labor v. KC Transp., Inc.,* 2023 U.S. App. LEXIS 19700, *20, *27; *Slip op.*, Wilkins, *Circuit Judge*, p. 15-16, 20.

Moreover, in the text of the dissent and footnote 4, the dissenting Circuit Judge highlighted the inherent problems associated with remanding the matter to allow the Secretary to re-interpret its own jurisdiction (yet a third time) before the court finally approves/disapproves a subsequent interpretation after rejecting the initial interpretation(s). *Id.* at *41, *43, *Slip op.,* Walker, *Circuit Judge*, p. 10, 12. The Secretary did not request such relief of re-interpreting the Mine Act. The dissenting

3

Circuit Judge also mentioned the constitutional issues arising from a conflict between two executive agencies in footnote 1. *Id*. at *35. *Slip op*., Walker, *Circuit Judge*, p. 4. Notwithstanding precedent in this Court, such issues may be relevant to the petition for rehearing and rehearing en banc. They will also be relevant for a petition for certiorari. Given other pending matters at the Supreme Court, it cannot reasonably be asserted that "there is no reasonable likelihood that the Supreme Court would grant review." *e.g, Loper Bright Enters. v. Raimondo*, 2023 U.S. LEXIS 1847, *1.

As these appellate proceedings continue, there is nothing to prevent the Secretary from concurrently considering the scope of jurisdiction (based on this case, *Maxxim, National Cement, Donovan,* or other authority). The customary period for delaying the mandate will not materially impact or impair any such analysis, which would inevitably take time under any circumstance. Even if the court grants rehearing or rehearing en banc, there are certain basic tenants which can certainly be considered by the Secretary in the interim.

The fact that fatalities have risen at mines recently is likewise not "good cause" to expedite the mandate in this limited context. While any such trend is inherently tragic, such concerns exist with many types of regulatory enforcement, but they are not dependent on, and will not be solved by shortening the modest appellate deadlines in ongoing jurisdictional litigation. This matter has proceeded

for several years and is a continuation of a dispute in another Circuit Court before that.

Finally, the Secretary contends that the shortened delay will not prejudice KC Transport because it has abated the violations. That is not the point. Until all appeal proceedings and any further proceedings below are complete, the Secretary will not have the clarity it claims it seeks. In the meantime, there may be a point when the facility at issue will be inspected by MSHA. Stripping some 45 days from the equation will not change this. KC Transport simply wants to be treated like other litigants. Also, the option of recalling the mandate, as opposed to simply allowing the well-designed appellate process to proceed, just to save a short period of time in a case that has been going on for several years is bad precedent, seems unfair and does not constitute "good cause" under F.R. App. P. 41(a) or *Johnson v. Bechtel Assocs Prof'l* Corp., 801 F.2d 412, 415 (D.C. Cir. 1986).  Tomorrow, the Secretary may need to utilize the 45 + 7 days (and any time for rehearing/rehearing en banc) which are permitted under the rules.

Moreover, the early issuance of a mandate would end appellate jurisdiction before this court and would require a motion to recall the mandate, which can only be granted for exceptional circumstances. *Id.* at 416. Since the issuance of the mandate here would immediately cause jurisdiction over this matter to return to the

5

Commission's Administrative Law Judge, this seems to be an inappropriate and piecemeal approach to appellate jurisdiction.

The modest and carefully designed delay in the issuance of the mandate, to allow for a petition for rehearing/rehearing en banc which is permitted by F. R. App. R. 41(a), 40(a) and 35(c) (45 days for proceedings in which a United States agency is a party) and the related delay in the issuance of the mandate provided by F. R. App. P. 41(a) (7 days) is imminently reasonable. Moreover, it does not prejudice the Secretary. Conversely, shortening these deadlines will truncate the ability of KC Transport to utilize the customary time allotted under the well-reasoned rules, to adequately prepare its petition for rehearing/rehearing en banc and fully consider its appellate options.

K C Transport requests that Petitioner's motion be denied and that the Court withhold the issuance of the mandate pursuant to the Court's August 1, 2023, Order.

                                        KC TRANSPORT, INC.
                                        By Counsel:

*/s/ James P. McHugh*
James P. McHugh (D.C. Bar No. 56277)
Christopher D. Pence (D.C. Bar No. 53362)
HARDY PENCE, PLLC
10 Hale Street, 4th Floor
Charleston, WV 25301
304-345-7250 (office)
304-553-7227 (fax)
jmchugh@hardypence.com
cpence@hardypence.com

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted under Fed. R. App. P. 32(f), it contains 1,251 words. Per Fed. R. App. P. 27(d)(1)(E), this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word in 14-point Times New Roman.

*/s/ James P. McHugh*
James P. McHugh (D.C. Bar No. 56277)
Christopher D. Pence (D.C. Bar No. 53362)
HARDY PENCE, PLLC
10 Hale Street, 4th Floor
Charleston, WV 25301
304-345-7250 (office)
304-553-7227 (fax)
jmchugh@hardypence.com
cpence@hardypence.com

## Certificate of Service

      I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on August 4, 2023 and the following registered users will be served via the CM/ECF system:

T. Jason Riley
Office of General Counsel
Federal Mine Safety and Health Review Commission
1331 Pennsylvania Ave., NW Suite 520N
Washington, D.C. 20004
jriley@fmshrc.gov

Susanah M. Maltz, Attorney,
U.S. Department of Labor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-539
Maltz.susannah.m@dol.gov

                                                */s/ James P. McHugh*
                                                James P. McHugh (D.C. Bar No. 56277)
                                                Christopher D. Pence (D.C. Bar No. 53362)
                                                HARDY PENCE, PLLC
                                                10 Hale Street, 4th Floor
                                                Charleston, WV 25301
                                                304-345-7250 (office)
                                                304-553-7227 (fax)
                                                jmchugh@hardypence.com
                                                cpence@hardypence.com