UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Secretary of Labor, Mine Safety and Health Administration,<br><br>　Petitioner,<br><br>v.<br><br>KC Transport, Inc. and Federal Mine Safety and Health Review Commission,<br><br>　Respondents. | No. 22-1071 |

### Acting Secretary's[1] Opposition to Motion for Abeyance

The Secretary of Labor opposes KC Transport's motion to hold its petition for rehearing in abeyance.

KC Transport argues for abeyance pending the Supreme Court's disposition of *Loper Bright Enterprises v. Raimondo* on the theory that *Loper Bright*, which is about *Chevron* deference, is related to this case. This Court does sometimes hold cases in abeyance when they present the same question as a case pending in the Supreme

---

[1] As of September 21, 2023, the Acting Secretary of Labor is Julie Su. This opposition uses "Secretary" to refer to the position of the Secretary in general, not to Ms. Su in particular.

1

Court. See, *e.g.*, *Trump Plaza Assocs.* v. *NLRB*, 679 F.3d 822, 826 (D.C. Cir. 2012) (noting that the case was held in abeyance because it raised a question identical to one pending at the Supreme Court); *Belbacha* v. *Bush*, 520 F.3d 452, 457 (D.C. Cir. 2008) (noting that several cases were held in abeyance after a grant of certiorari in a case presenting the same issue).

But *Loper Bright* does not justify holding this case in abeyance because this case does not present the same question pending in *Loper Bright*: whether to overrule *Chevron* deference. This case is not about *Chevron* deference. The panel did not rely on *Chevron* deference for its decision and did not defer to the Secretary's interpretation of the Mine Act. The panel conducted a de novo review of the meaning of the statute and reversed the Commission's decision adopting an erroneous interpretation. That does not implicate any issue pending in *Loper Bright*.

True, on remand, the Secretary may offer an interpretation of the statute that could be upheld based on *Chevron* deference. But that is just one of many possibilities. On remand, the Commission could resolve this case in several ways that do not involve *Chevron* deference to the Secretary's interpretation. It could, for example, hold that the Secretary's interpretation is not entitled to *Chevron* deference, see *U.S.* v. *Mead Corp.*, 533 U.S. 218, 228-231 (2001), or accept that

interpretation as the better one without deferring to it. See *Tilden Mining Co., Inc. v. Sec'y of Lab.*, 832 F.3d 317, 322 (D.C. Cir. 2016) (citing *Int'l Internship Program v. Napolitano*, 718 F.3d 986, 987 n.1 (D.C. Cir. 2013) ("Because we conclude that the agency's interpretation of the statute is the better reading, we need not determine whether the agency's interpretation is entitled to *Chevron* deference.")).

And, if the Supreme Court overrules *Chevron*, KC Transport will not be unfairly stuck with *Chevron* deference in this case. If *Loper Bright* is decided while this case is pending on remand, the parties can address the effect of that decision during proceedings before the Commission. If the Commission defers to the Secretary's interpretation before *Loper Bright* is decided, KC Transport can obtain a stay or reconsideration from the Commission, 29 C.F.R. 2700.78, or file a petition for review and obtain a stay from this court (or from the Fourth Circuit). 30 U.S.C. 816(a)(1), (c).

In sum, abeyance is not justified because this case does not involve *Chevron* deference, and if it does in the future, KC Transport will have ample opportunity to seek a stay or reconsideration then.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

APRIL E. NELSON
Associate Solicitor

EMILY TOLER SCOTT
Counsel for Appellate Litigation

s/ SUSANNAH M. MALTZ
Attorney
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-5393

Attorneys for the Secretary of Labor

**Certificate of Compliance with Type-Volume Limit,  
Typeface Requirements, and Type-Style Requirements**

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted under Fed. R. App. P. 32(f), it contains 498 words.

Per Fed. R. App. P. 27(1)(E), this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word in 14-point Equity.

                                             s/ SUSANNAH M. MALTZ  
                                                Attorney  
                                                U.S. Department of Labor  
                                                Division of Mine Safety & Health  
                                                201 12th Street South, Suite 401  
                                                Arlington, VA 22202  
                                                (202) 693-5393

## Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on September 21, 2023 and the following registered users will be served via the CM/ECF system:

T. Jason Riley
Office of General Counsel
Federal Mine Safety and Health Review Commission
1331 Pennsylvania Ave., NW Suite 520N
Washington, D.C. 20004
jriley@fmshrc.gov

James P. McHugh
Hardy Pence PLLC
10 Hale Street, 4th Floor
P.O. Box 2548
Charleston, WV 25329
jmchugh@hardypence.com

                                              s/ SUSANNAH M. MALTZ
                                                Attorney
                                                U.S. Department of Labor
                                                Division of Mine Safety & Health
                                                201 12th Street South, Suite 401
                                                Arlington, VA 22202
                                                (202) 693-5393