# United States Court of Appeals
### For The District of Columbia Circuit

───────────

**No. 22-1071**                                         **September Term, 2023**

**MSHR-WEVA2019-0458**

**Filed On: August 23, 2024**

Secretary of Labor, Mine Safety and Health
Administration,

       Petitioner

    v.

KC Transport, Inc. and Federal Mine Safety
and Health Review Commission,

       Respondents

      **BEFORE:**    Wilkins, Walker, and Pan, Circuit Judges

## O R D E R

      In light of the Supreme Court's opinion in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), the Court will proceed with independently assessing the best meaning of the statute the parties have put at issue.  Accordingly, on the court's own motion, it is hereby

    **ORDERED** that the parties file supplemental briefs addressing the following issues:

1. Must an item listed in 30 U.S.C. § 802(b)(1)(C) be located at an extraction site or a processing plant to be a "mine" under the Act?

2. Would interpreting the statute's definition of "mine" to apply to movable objects in 30 U.S.C. § 802(h)(1)(C) (e.g., equipment, machines, and tools) only when they are located in or at a physical manifestation enumerated in the same list and that physical location is "used in, or to be used in, or resulting from, the work of" mining frustrate or reasonably contain MSHA's inspection obligations?

3. Does the statutory text and scheme indicate that the movable types of property identified in 30 U.S.C. § 802(h)(1)(C) remain "mines" when not physically located within the non-movable manifestations listed in subsections (A)–(C)?

4. If the movable objects in 30 U.S.C. § 802(b)(1)(C) need not be tethered to any physical location, could operators comply with registration obligations or identification obligations 30 U.S.C. § 819(a), (d)?

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-1071**                                                                              **September Term, 2023**

5. The majority made a statement in its opinion about the percentage of services and trucks used for Ramaco versus other customers:

> An estimated "60% of the facility's services" supported Ramaco's five nearby mines, and the remaining 40% of services aided other companies like "American Electric Power and other coal operators." The types of trucks at the facility are a mix of (1) off-road trucks, providing haulage for Ramaco's five nearby mines; and (2) on-road trucks used in earth and gravel haulage for other customers, as well as coal haulage services for non- Ramaco customers.

*Sec'y of Lab. v. KC Transp., Inc.*, 77 F.4th 1022, 1027 (D.C. Cir. 2023). Is it disputed whether 60% or more of the services at the facility supported Ramaco's mines, and is it disputed that any such "support" services fall within the meaning of "used in or to be used in" mining?

It is **FURTHER ORDERED** that the parties file supplemental briefs in accordance with the following briefing format and schedule:

| | |
|---|---|
| Supplemental Brief for Petitioner (not to exceed 7,000 words) | September 23, 2024 |
| Supplemental Brief for Respondents (not to exceed 7,000 words) | October 23, 2024 |
| Supplemental Reply Brief for Petitioner (not to exceed 3,500 words) | November 7, 2024 |

The Clerk is directed to calendar this case for reargument on the first appropriate date following the completion of supplemental briefing. The parties will be informed later of the date of oral argument.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk